**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CARSON LUGIHIBL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13 C 7193 |
| ) | |
| FIFTH THIRD BANK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Fifth Third Bank terminated Carson Lugihibl's employment in October 2012. He alleges that he suffered sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), and age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1). Fifth Third contends that it terminated Lugihibl for lawful reasons, including inappropriate, sexually-charged communications with one of his subordinates; his mismanagement of the subordinate's complaint about another employee; and a trove of inappropriate e-mail found on his computer at work. Fifth Third also argues that Lugihibl's charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) was untimely. The Court agrees that the charge was untimely and thus does not reach the merits of Lugihibl's claims.

In Illinois, a plaintiff must file an EEOC charge within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Speer v. Rand McNally*

*& Co.*, 123 F.3d 658, 662 & n.1 (7th Cir. 1997). It is undisputed that Lugihibl was terminated on October 1, 2012 and filed his EEOC charge on April 29, 2013. That is well within the usual 300-day period. Fifth Third argues, however, that Lugihibl agreed to shorten this limitations period. Specifically, Section IX of Lugihibl's 2012 incentive compensation agreement reads:

> Employee agrees not to commence any action or suit related to Employee's employment by Fifth Third:
>
> 1. More than six months after the termination of Employee's employment, if the action or suit is related to the termination of Employee's employment, or
>
> 2. More than six months after the event or occurrence on which Employee's claim is based, if the action or suit is based on an event or occurrence other than the termination of Employee's employment.
>
> Employee agrees to waive any statute of limitations that is contrary to this Section.

Def.'s LR 56.1(a) Stmt., Tab 6 (Kalagayan Decl.), Ex. D (2012 Incentive Compensation Plan), at 11. If this provision is enforceable, then Lugihibl was required to file his EEOC charge by no later than April 1, 2013.

As far as contract interpretation goes, there is nothing to impugn the provision: it is unambiguous, and Lugihibl received valuable consideration in return, in the form of entitlements to incentive compensation. *Id.* at 12. It is undisputed, moreover, that Lugihibl, a non-practicing lawyer, acknowledged and electronically signed the 2012 incentive compensation agreement. The only question, then, is whether the law enforces a shortening of Title VII's and the ADEA's limitations periods.

The Supreme Court has stated that "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for

2

bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947). Relying on *Wolfe*, the Seventh Circuit has held that "contractual limitations periods shorter than the statute of limitations are permissible, provided they are reasonable." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 874 (7th Cir. 1997); *see also Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1206 (7th Cir. 1992). This rule, the court explained *Blue Cross*, "is consistent with the principle of party autonomy that underlies the law of contracts . . . ." *Id.*

Although the statute of limitations in *Blue Cross* was based on state law, "there is no principled reason for distinguishing between" state and federal statutes of limitation, as both "advance identical public policies." *MFS Int'l, Inc. v. Int'l Telcom Ltd.*, 50 F. Supp. 2d 517 (E.D. Va. 1999). Indeed, the Seventh Circuit has upheld a contractual limitations clause even when the federal statute at issue expressly provided a limitations period. *See Stephan v. Goldinger*, 325 F.3d 874, 876-77 (7th Cir. 2003) (enforcing contractual limitations period shorter than Commodity Exchange Act's two-year period); *see also In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 287-88 (4th Cir. 2007) (enforcing contractual limitations period shorter than Clayton Act's four-year period); *Oswald v. BAE Indus., Inc.*, 483 F. App'x 30, 33 (6th Cir. 2012) (enforcing contractual limitations period shorter than general four-year statute of limitations applicable to Uniformed Services Employment and Reemployment Rights Act).

One court in this district declined to enforce a contractual limitations period "because Congress provided in the [Commodity Exchange Act] an express statute of

limitations." The fact that Congress had done so, the court reasoned, implied "a strong public policy in favor of that particular limitations period." *Madero v. Refco, Inc.*, 934 F. Supp. 282, 284 (N.D. Ill. 1996). That line of argument, however, was flatly rejected by the Seventh Circuit when it upheld a contractual term shortening the same limitations period. *See Stephan*, 325 F.3d at 877 ("There is not even a tiny handle in the statutory language [of the Commodity Exchange Act] for a bar against a potential plaintiff's agreeing to shorten the statutory period, and there is nothing in the policy of the statute of limitations either to which a plaintiff might appeal."). Based on this case law, the Court concludes that both state and federal statutes of limitation may be shortened by contractual agreement.

The contractual limitations period at issue in this case was six months. The Seventh Circuit has held that a six-month contractual limitations period was reasonable in a case involving the Civil Rights Act of 1866, 42 U.S.C. § 1981. *See Taylor*, 966 F.2d at 1206. The same is true here, where the default period to file an EEOC charge is exactly that—180 days. *See Speer*, 123 F.3d at 662 n.1 ("[A] plaintiff has 180 days to file his claim, unless the forum state has an administrative agency to which the EEOC defers . . . . Illinois has such an agency . . . making the time limit 300 days rather than 180 days applicable to this suit."). Accordingly, the Court holds that the six-month contractual limitations period is enforceable. Lugihibl was therefore required to file his EEOC charge by April 1, 2013. Because he failed to do so, Fifth Third is entitled to summary judgment on Lugihibl's claims.

One final note. A number of district courts have declined to enforce contractual limitations periods in Title VII cases. *See, e.g.*, *Sanford v. Quicken Loans*, No. 13-

4

11929, 2014 WL 266410 (E.D. Mich. Jan. 24, 2014); *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp. 2d 682 (S.D. Tex. 2013); *Cole v. Convergys Customer Mgmt. Grp., Inc.*, No. 12-2404-SAC, 2012 WL 6047741 (D. Kan. Dec. 5, 2012); *Friedmann v. Raymour Furniture Co., Inc.*, No. CV 12–1307(LDW)(AKT), 2012 WL 4976124 (E.D.N.Y. Oct. 16, 2012); *O'Phelan v. Fed. Express Corp.*, No. 03 C 00014, 2005 WL 2387647 (N.D. Ill. Sept. 27, 2005); *Mabry v. W. & S. Life Ins. Co.*, No. 1:03 CV 848, 2005 WL 1167002 (M.D.N.C. Apr. 19, 2005); *Lewis v. Harper Hosp.*, 241 F. Supp. 2d 769 (E.D. Mich. 2002); *Salisbury v. Art Van Furniture*, 938 F. Supp. 435 (W.D. Mich. 1996). In those cases, however, the defendant's argument was not that the plaintiff should have filed the EEOC charge within the contractual limitations period, but that the plaintiff should have filed suit in federal court within the contractual limitations period. That, of course, would preclude some plaintiffs from filing suit at all, because an EEOC's review of an administrative charge (a prerequisite to filing suit in court) can—and, in these cases, did—exceed the contractual limitations period. Under these circumstances, enforcing the contractual limitations period would be contrary to public policy, as these courts held. Where this public policy concern is absent, district courts have enforced contractual limitation periods in Title VII cases. *See Ravenscraft v. BNP Media, Inc.*, No. 09 C 6617, 2010 WL 1541455, at *5 (N.D. Ill. April 15, 2010); *Steward v. DaimlerChrysler Corp.*, 533 F. Supp. 2d 717, 722 (E.D. Mich. 2008), *aff'd sub nom. Steward v. New Chrysler*, 415 F. App'x 632 (6th Cir. 2011).

**Conclusion**

For the foregoing reasons, the Court grants Fifth Third Bank's motion for summary judgment [dkt. no. 24] and directs the Clerk to enter judgment in favor of the

5

defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  March 16, 2015